UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STANLEY WILLIAM HARRISON,

              Plaintiff,

                                        Civil Case No. 14-13490
v.                                    Honorable Linda V. Parker

RICHARD E. CONLIN and
VALERIE L. LOOBY,

              Defendants.
_____/

## **OPINION AND ORDER DISMISSING THE COMPLAINT [ECF NO. 1]**

### **I. Introduction**

This matter is pending before the Court on Plaintiff Stanley William
Harrison's ("Plaintiff's") pro se complaint for money damages under 42 U.S.C. §
1983. (ECF No. 1.)  Plaintiff is presently incarcerated at the St. Louis Correctional
Facility in St. Louis, Michigan.  Defendants are the Honorable Richard E. Conlin,
state district court judge of Ann Arbor, Michigan; and Valerie L. Looby, a certified
electronic court reporter in Ann Arbor (collectively "Defendants").

In his complaint, Plaintiff alleges that at his preliminary examination on
unspecified charges in 2013, Judge Conlin allowed two children to testify without
first swearing in the children or ascertaining whether they were qualified to testify.

(Pl.'s Compl., ECF No. 1 at Pg. ID 3.) Although Plaintiff's attorney purportedly objected to the children not being qualified or sworn, Ms. Looby allegedly documented that the children were sworn by a court officer even though the swearing or affirmation were not recorded. (*Id.*) Plaintiff asserts that as a result of the children's testimony, Plaintiff was bound over to state circuit court for further proceedings. (*Id.*)

Plaintiff claims that Judge Conlin violated his constitutional rights by allowing the children to testify without being qualified or sworn, and that Ms. Looby committed perjury by documenting that the children were sworn by a court officer. Plaintiff sues the defendants in their personal and official capacities for violations of his rights under the Fifth and Sixth Amendments to the United States Constitution. (*Id.*)

## II. Legal Standard

Section 1983 of Title 42, United States Code,

> creates a private right of action to vindicate violations of "rights, privileges, or immunities secured by the Constitution and laws" of the United States. Under the terms of the statute, " '[e]very person' who acts under color of state law to deprive another of a constitutional right [is] answerable to that person in a suit for damages." *Imbler v. Pachtman,* 424 U.S. 409, 417, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (citing 42 U.S.C. § 1983).

*Rehberg v. Paulk*, 132 S.Ct. 1497, 1501–02 (2012). "To state a claim under 42

2

U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988), and *Searcy v. Dayton*, 38 F.3d 282, 286 (6th Cir. 1994)).

The Court must dismiss a prisoner's complaint against a governmental entity, officer, or employee if the Court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).  A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

While a complaint need not contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*,  550 U.S. 544, 555 (2007) (footnote and citations omitted).  "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630

3

F.3d. 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

### III.  Analysis

### A.  Judge Conlin

As noted above, Plaintiff alleges that Judge Conlin violated his

constitutional rights by allowing two children to testify at his preliminary

examination without being qualified or sworn.  This allegation is frivolous and

fails to state a claim because "[t]he immunity of judges for acts within the judicial

role is . . . well established . . . ."  *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

"Judges enjoy absolute immunity from suit for money damages for actions taken in

their judicial capacity, except when taken in the complete absence of jurisdiction."

*In re McKenzie*, 716 F.3d 404, 412 (6th Cir. 2013) (citing *Bush v. Rauch*, 38 F.3d

842, 847 (6th Cir.1994)).  Further, the Sixth Circuit has held that:

> [t]he passage of 42 U.S.C. § 1983 did nothing to change this ancient
> understanding.  *See Briscoe v. LaHue*, 460 U.S. 325, 334, 103 S. Ct.
> 1108, 75 L. Ed. 2d 96 (1983); *Pierson v. Ray*, 386 U.S. 547, 554, 87
> S. Ct. 1213, 18 L. Ed. 2d 288 (1967).  Importantly, "[t]his immunity . .
> . is not for the protection or benefit of a malicious or corrupt judge,
> but for the benefit of the public, whose interest it is that the judges
> should be at liberty to exercise their functions with independence and
> without fear of consequences."  *Pierson*, 386 U.S. at 554, 87 S. Ct.

4

> 1213 (internal quotation marks omitted). . . .   In general, litigants can
> protect themselves from judicial errors through the appellate process
> or other judicial proceedings without resort to suits for personal
> liability.

*Bright v. Gallia Cnty., OH*, 753 F.3d 639, 648–49 (6th Cir. 2014).

The facts as alleged indicate that Judge Conlin was acting in his judicial role in a criminal case over which he had jurisdiction.  Therefore, he is immune from a suit for money damages.

To the extent Plaintiff may also be seeking injunctive relief, his claim "fails because 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012) (quoting 42 U.S.C. § 1983). Plaintiff has not alleged that a declaratory decree was violated or that declaratory relief was unavailable.  Therefore, any request for injunctive relief is barred under § 1983.  *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

## B.  Valerie L.  Looby

Plaintiff alleges that Ms. Looby committed perjury by documenting that the child witnesses were sworn by a court officer.  Although perjury is a federal crime, *see* 18 U.S.C. § 1621, there is no private cause of action for perjury in Michigan, *Meyer v. Hubbell*, 117 Mich. App. 699, 704 (Mich. Ct. App. 1982), or in federal

5

court.  *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (noting that the Supreme Court has been "reluctant to infer a private right of action from a criminal prohibition alone"); *Am. Postal Workers Union, AFL-CIO, Detroit Local v. Indep. Postal Sys. of Am., Inc.,* 481 F.2d 90, 93 (6th Cir. 1973) (acknowledging the general rule "that a private right of action is not maintainable under a criminal statute"); *see also Fuller v. Unknown Officials from the Justice Dep't Crime Div.*, 387 F. App'x 3, 4 (D.C. Cir. 2010) (stating that "there is no private cause of action for perjury, 18 U.S.C. § 1621; subornation of perjury, 18 U.S.C. § 1622; false declarations before a grand jury or court, 18 U.S.C. § 1623; or false statements, 18 U.S.C. § 1001").  Even if there were a private cause of action for perjury, Ms. Looby is entitled to qualified immunity because "[Plaintiff] has not presented any facts demonstrating that [Looby] acted outside the scope of her lawful authority or that she violated any of plaintiff's constitutional rights." *See Evans v. Panioto*, Nos.  94-3602 and 94-3791, 1995 WL 55093, at *2 (6th Cir. 1995) (unpublished decision citing *Forte v. Sullivan*, 935 F.2d 1, 3 n. 5 (1st Cir. 1991) (*per curiam*), and *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

## IV.  Conclusion

For the reasons given above, Plaintiff's claims against Judge Conlin and Ms.

6

Looby are frivolous, fail to state a plausible claim for which relief may be granted, and seek monetary relief from a defendant who is immune from such relief.

Accordingly,

**IT IS ORDERED** that the complaint is summarily dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IT IS FURTHER ORDERED** that an appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45 (1962).

**SO ORDERED**.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 14, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 14, 2015, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager

7